Ouria, per

O’Neall, J.
In this case, the ground for non-suit, that the action should have been trespass, and not case, cannot avail the defendant. Whatever injury the plaintiff here (the defendant in execution,) sustained, was under a subsisting judgment of the court of common pleas for Barnwell district, in a matter of which that court had jurisdiction, and by a regular execution issued on that judgment. Those legal proceedings were in full force when this action was commenced. Subsequent to its commencement, they were set aside; but that could not affect the remedy which the plaintiff had adopted, and was pursuing.
The rule is very well stated in 1 Chitty PL 136, to be, “whenever an injury to a person is effected by regular process of a court of competent jurisdiction, case is the proper remedy; trespass is not sustainable.” This, which is the substance of all the cases on the subject, shews, very clearly, that the plaintiff chose the appropriate remedy, when he sued out his writ in case. The only other ground made in the case is, that the damages found were excessive. It is true, I thought the sum of $330, found as damages, more than enough to compensáte the plaintiff for all the injury which he had sustained. But damages are so much in the discretion of the jury, that it must be a most extraordinary case which would justify us in disturbing the verdict. In this case, the jury, who knew the parties and witnesses better than I did, were of course better qualified to judge of the extent of the injury.
Another ground argued by the defendant’s counsel, is, that *239 this, at most, was a mere omission on the part of the defendant, and that without malice, on his part, in not withdrawing the writ after payment of the money, this action cannot be maintained; and that there was no evidence whatever of malice. To this it has been replied, that the plaintiff counted on a promise of the defendant to withdraw the suit, and that the defendant’s letter is a virtual admission of such fact, and that this promise not being complied with, justified the finding, even without proof of malice. Under such circumstances — where no ground such as that argued has been made, when the record is not brought up, and the transcript, imperfect as it is, which we have, sustains the plaintiff’s statement — we are constrained not to notice the ground taken in argument, and to confine our decision to the points made by the notice of appeal. The motions are dismissed.
Butler and Wardlaw, JJ, concurred.
Richardson, J. absent at the argument.